erns and determines the rights of the parties under stated circumstances, equity courts equally with courts of law are bound thereby. *Equity follows the law more circumspectly in the interpretation and application of statute law than otherwise.*

*Milgram v. Jiffy Equip. Co.*, 362 Mo. 1194, 247 S.W.2d 668, 676–77 (1952) (emphasis added) (internal citations omitted). The notion that all equitable maxims become a part of all statutory schemes, unless expressly written out of the law by the legislature merely invites future reexamination by courts of otherwise settled areas of statutory interpretation.

In conclusion, despite the fact that the outcome is "shocking to the conscience," I would hold that the trial court abused its discretion in overruling the relator's motion to dismiss the plaintiff's wrongful death suit.

Robin S. ROGGENBUCK, Appellant,

v.

STATE of Missouri, Respondent.

WD 77070

Missouri Court of Appeals,
Western District.

ORDER FILED: April 28, 2015

Motion for Rehearing and/or Transfer
to Supreme Court Denied June
2, 2015

Application for Transfer Denied
September 22, 2015

Jeannette L. Wolpink, Kansas City, MO, for appellant.

Evan J. Buchheim, Jefferson City, MO, for respondent.

Before Division Two: Lisa White Hardwick, Presiding Judge, Victor C. Howard, Judge and Cynthia L. Martin, Judge

**ORDER**

Per curiam:

Robin Roggenbuck appeals from the motion court's denial of his Rule 29.15 motion following an evidentiary hearing. Roggenbuck contends that the motion court clearly erred in finding that he did not receive ineffective assistance of counsel because his trial counsel did not object to three verdict directors which failed to specify a particular incident of alleged possession of child pornography, making it unclear as to which of several incidents Roggenbuck was found guilty. We affirm. Rule 84.16(b).

C.C., Respondent,

v.

B.C., Appellant.

WD 77718

Missouri Court of Appeals,
Western District.

May 5, 2015

Motion for Rehearing and/or Transfer
to Supreme Court Denied June
23, 2015

B.C., Kansas City, MO, Appellant Acting Pro Se

Gerald Sorensen, Kansas City, MO, Counsel for Respondent

## ORDER

Per Curiam:

B.C. appeals the full order of protection that the circuit court issued to C.C., pursuant to the Adult Abuse Act, § 455.010 *et seq*. He challenges the adequacy of the notice and hearing, as well as the sufficiency of the evidence.

For reasons stated in the memorandum provided to the parties, we affirm. Rule 84.16(b).

**Mark GERAN, Appellant,**

v.

**XEROX EDUCATION SERVICES, INC., Respondent.**

**WD 77507**

Missouri Court of Appeals, Western District.

Opinion filed: May 19, 2015

Application for Transfer to Supreme Court Denied June 23, 2015

Application for Transfer Denied September 22, 2015

